By: E. McCord Clayton, Esq.
I.D. No. 76572
**Clayton Commercial Litigation LLC**
100 S. Juniper Street, Third Floor
Philadelphia, PA 19107
Ph: 267-242-3943
Cord@ClaytonLit.com
www.claytonlit.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EMMESS ASSOCIATES LTD<br><br>Plaintiff<br><br>v.<br><br>OUTFRONT MEDIA INC<br><br>Defendant | CIVIL ACTION NO. __________<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Emmess Associates LTD ("Emmess" or "Plaintiff") hereby presents the following complaint against Outfront Media Inc. ("Outfront" or "Defendant").

## Parties, Jurisdiction and Venue

1. Emmess is a Pennsylvania corporation and the owner of real property located at 7360 Milnor Street, Philadelphia PA 19136 (the "Property").

2. Outfront is a Maryland corporation with its principal headquarters located at 405 Lexington Ave, 17th Floor, New York, NY 10174.

3. This Court has personal jurisdiction over Defendant because this action arises from a contract formed in Philadelphia, Pennsylvania, relating to the Property, which is also located in Philadelphia, Pennsylvania.

4. This Court has subject matter jurisdiction under diversity principles because the action arises between citizens of different states, and the amount in controversy is in excess of $75,000.

5. Venue is proper in this Court because the underlying events at issue herein took place principally in Philadelphia, Pennsylvania.

## Factual Background

6. On May 12, 2009, CBS Outdoor Inc. entered into a Sign Location Lease (the "Lease") with Emmess for the purpose of erecting, constructing, installing, placing, operating, maintaining, servicing, relocating and removing CBS Outdoor Inc.'s advertising sign on the Property (the "Sign"), subject to providing rental payments to Emmess therefor. Exhibit A hereto.

7. A true and correct photograph of the Sign taken in December 2022 is attached hereto. Exhibit B.

8. Outfront is the successor-in-interest to CBS Outdoor Inc. for purposes of the Lease.

9. As such, Outfront made payments to Emmess pursuant to the Lease after succeeding to the interest of CBS Outdoor Inc.

10. On April 2, 2020, Outfront advised Emmess by email that it was terminating the Lease. Exhibit C.

11. In that same email, Outfront further assured Emmess that it would remove the Sign shortly. *Id.*

12. On December 20, 2021, when Outfront still had not removed the Sign, the parties entered into a tolling agreement that restricted Outfront's right to raise defenses based upon the passage of time.

13. Emmess has repeatedly directed Outfront to remove the Sign.

14. Outfront has repeatedly assured Emmess that it would remove the Sign imminently.

15. As of the date of the filing of this Complaint, Outfront still has not removed the Sign.

16. The Lease obligates Outfront to remove the Sign. *See* Ex. A (*e.g.*, at ¶¶ 1, 3, 8, 9).

17. The presence of the Sign interferes with Emmess' full and unencumbered use of the Property.

18. Outfront has also not made any rental payments in the 33 months (and counting) since the date of Outfront's termination on April 2, 2020.

19. The Lease obligates Outfront to make rental payments to Emmess, ordinarily at the rate of $8,750/month. *Id.* (*e.g.*, at ¶¶ 6, 23).

20. In the event that Outdoor fails to remove its Sign within 30 days of termination, however, the Lease provides for the doubling of the ordinary rental payment. *Id.* (*e.g.*, at ¶ 9).

21. The Sign has continued to display advertisements since the date of Outfront's April 2, 2020, notice of termination. Exhibit B.

22. Outfront has earned revenues from the advertisements displayed on the Sign since the date of Outfront's April 2, 2020, notice of termination.

23. Outfront continues, at present, to earn revenues from the advertisements displayed on the Sign.

24. Outfront has also failed to maintain the Sign in any manner since on or before the date of Outfront's April 2, 2020, notice of termination.

25. The presence and condition of the Sign present an ongoing hazard to health, safety and property.

26. Outfront's misrepresentations, actions and failures to act are and have been wanton, willful, outrageous, intentional and recklessly indifferent to the rights of Emmess.

**COUNT ONE:**
**BREACH OF CONTRACT**

27. The allegations of the foregoing paragraphs are incorporated herein by reference.

28. A valid contract exists between the parties.

29. Defendant's performance thereunder is defective relative to the terms of that agreement.

30. Defendant's actions also constitute a breach of the implied covenant of good faith and fair dealing.

31. Plaintiff has suffered damages thereby.

**WHEREFORE**, Plaintiff demands the relief described below in the Prayer for Relief and incorporated herein by reference.

**COUNT TWO:**
**UNJUST ENRICHMENT**

32. The allegations of the foregoing paragraphs are incorporated herein by reference.

33. Plaintiff conferred benefits on the Defendant.

34. Defendant appreciated said benefits.

35. Defendant accepted and retained such benefits.

36. Defendant has been unjustly enriched thereby.

37. It would be inequitable for Defendant to retain such benefits without the payment of value.

38. Plaintiff has suffered damages thereby.

**WHEREFORE**, Plaintiff demands the relief described below in the Prayer for Relief and incorporated herein by reference.

**COUNT THREE:**
**TRESPASS**

39. The allegations of the foregoing paragraphs are incorporated herein by reference.

40. Plaintiff has actual and lawful possession of the Property.

41. Plaintiff has directed Defendant to remove the Sign.

42. Defendant has left the Sign upon the Property without any privilege to do so.

43. Defendant's actions were intentional and unlawful.

44. Plaintiff has suffered damages thereby.

**WHEREFORE**, Plaintiff demands the relief described below in the Prayer for Relief and incorporated herein by reference.

**COUNT FOUR:**
**NUISANCE**

45. The allegations of the foregoing paragraphs are incorporated herein by reference.

46. Plaintiff has a possessory interest in the Property.

47. Defendant performed, and/or omitted to perform, acts that interfered with Plaintiff's use and enjoyment of the Property and the safety thereof.

48. The Defendant's interference with the Plaintiff's use or enjoyment of the land was substantial and unreasonable.

49. Plaintiff has suffered damages thereby.

**WHEREFORE**, Plaintiff demands the relief described below in the Prayer for Relief and incorporated herein by reference.

**PRAYER FOR RELIEF**

50. The allegations of the foregoing paragraphs are incorporated herein by reference.

**WHEREFORE**, Emmess demands judgment in its favor, and against Outfront, and also specifically as follows:

All available pecuniary and other damages and relief of any sort available, including but not limited to:

1) Compensatory and consequential damages;

2) Punitive damages;

3) Interest and/or delay damages;

4) Disgorgement;

5) Costs;

6) Attorneys' fees;

7) An injunction and/or other equitable relief ordering Outfront promptly to remove the Sign and remediate the Property; and

8) Such other relief as is reasonable and just.

**DEMAND FOR JURY TRIAL**

Emmess hereby demands a jury trial on all issues so triable.

E. McCord Clayton, Esq.
Attorney for Emmess

Dated: January 10, 2023